**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| BAKER HUGHES OILFIELD OPERATIONS, INCORPORATED, | § § § | |
| Plaintiff, | § § | CIVIL ACTION. NO. _____ |
| v. | § § | |
| PRODUCTION TOOL SOLUTION, INC., | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Baker Hughes Oilfield Operations, Incorporated ("Baker Hughes" or "Plaintiff") files this Original Complaint against Defendant, Production Tool Solution Inc. ("PTS" or "Defendant").

**PARTIES**

1.      Plaintiff Baker Hughes is a corporation organized and existing under the laws of the State of California with its principal place of business located at 14990 Yorktown Plaza Drive, Houston, TX 77040.

2.      Defendant is a corporation organized and existing under the laws of the State of California, having a place of business at 220 Soledad Canyon Road, Suite H, Acton, CA 93510. Defendant may be served process by serving its agent for service of process Larry Osborne, 4375 Escondido Cyn Road, Acton, CA 93510. Defendant provides artificial lift solutions, including pressure activated relief valves, for upstream oil and gas operators.

**JURISDICTION AND VENUE**

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction pursuant to the

provisions of 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271 *et seq.*

4.     This Court has personal jurisdiction over Defendant because Defendant has sufficient contacts with the State of Texas and this judicial district to permit the exercise of personal jurisdiction.  Personal jurisdiction comports with the United States Constitution because Defendant has done and does business in this judicial district, has committed and continues to commit, or has induced and continues to induce, or has contributed and continues to contribute to, acts of patent infringement in this judicial district as alleged in this Complaint.

5.     Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. §§ 1391 and 1400(b).  Defendant has transacted business in this judicial district, continues to transact business in this judicial district, has committed and continues to commit, or has induced and continues to induce, or has contributed and continues to contribute to, acts of patent infringement in this judicial district.

## BACKGROUND

6.     Baker Hughes is an industrial leader in oilfield tools and services.

7.     Baker Hughes is the assignee on a number of patents related to oilfield tools and services, including U.S. Patent No. 6,289,990 (the "'990 Patent") titled "Production Tubing Shunt Valve." *See* Ex. A.

8.     PTS manufactures products including a PCP Pressure Activated Valve ("PCP Valve") and an ESP PCP Valve.

9.     Since 2011, PTS has supplied Baker Hughes with shunt valves covered by Baker Hughes' '990 Patent, which were then resold by Baker Hughes through its distribution channels to others.

10.     On information and belief, Baker Hughes was originally PTS' only customer for shunt valves.

11.     On information and belief, PTS conducts engineering design, development, and manufacturing occurs in the United States, including places such as California.

12.     At some point, PTS began selling directly to customers other than Baker Hughes including, but not limited to, customers located in this judicial district.  Specifically, PTS has provided the ESP PCP valve to wells in the Permian Basin for several Midland, Texas based companies.  *See* Ex. B; Ex. C.

13.     PTS' sales and offers of sale to, rental and offers to rent to, and/or the use for customers other than Baker Hughes in the United States are infringements of the '990 Patent.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,289,990

14.     On September 18, 2001, the '990 Patent was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") for an invention titled "Production Tubing Shunt Valve" to the listed inventors, David B. Dillon, David L. Olson, and Steven K. Tetzlaff.  *See* Ex. A.

15.     Baker Hughes is the assignee of the '990 Patent, and holds all rights, title and interest in the '990 Patent.

16.     The '990 Patent is valid and enforceable.

17.     The '990 Patent relates in general to submersible pumping assemblies and in particular to a valve mounted in production tubing above a pump assembly that allows fluid in the production tubing to flow out of the production tubing above the pump into the annulus when the pump shuts down.  The valve is commonly known as a shunt valve.

18.     Defendant makes, uses, offers to rent or sell, rents or sells, and/or exports products, systems and/or services including, but not limited to, the PCP PAR Valve and the ESP

PAR Valve that infringe at least claims 1, 2, 8, 14, and 18 of the '990 Patent directly, indirectly and/or under the doctrine of equivalents.

19.     Defendant offers to rent or sell, or rents or sells a component for use in practicing the patented invention of at least claims 1, 2, 8, 14, and 18 of the '990 Patent, and that component is material to practicing the invention, is not a staple article of commerce, and has no substantial non-infringing uses.  Upon information and belief, Defendant knows that use of the component by or for third parties results in infringement of at least claims 1, 2, 8, 14, and 18 of the '990 Patent.

20.     Defendant has had knowledge and notice of the '990 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts.

21.     On information and belief, Defendant has had knowledge and notice of the '990 Patent and its infringement prior to the filing of this complaint as a result of conversations between Defendant and its employees and Josh Prather, who is a former Baker Hughes employee having knowledge of the '990 Patent, and is a current employee of Defendant.

22.     Defendant's knowledge of the '990 Patent in advance of the filing and service of the Complaint will be a subject of discovery.

23.     Defendant has induced, and continues to induce, infringement of the '990 Patent by making, using, selling, importing and/or exporting products embodying and/or for use in practicing the patented invention or method of at least claims 1, 2, and 14.

24.     Defendant has committed, and continues to commit, acts of contributory infringement of the '990 Patent, including, but not limited to, by making, using, renting, selling,

importing and/or exporting products, systems, and services embodying and/or for use in practicing the patented invention of at least claims 1, 2, and 14.

25.     Defendant has committed, and continues to commit,  acts of direct infringement of the '990 Patent by making, using, selling, importing and/or exporting products embodying at least claims 8 and 18.

26.     Defendant's past and continued acts of infringement of the '990 Patent have caused damages to Baker Hughes.  Thus, Baker Hughes is entitled to recover damages from Defendant in an amount to be determined at trial, but in no event less than a reasonable royalty for Defendant's infringement together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

27.     Defendant's infringement of the '990 Patent will continue to damage Baker Hughes causing irreparable harm for which there is no adequate remedy at law, unless Defendant is enjoined by this Court from further acts of infringement.

## JURY DEMAND

28.     Plaintiff hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER

Baker Hughes respectfully prays for relief against Defendant as follows:

a.      a judgment that Defendant has in the past infringed, and continues to infringe one or more claims of the '990 Patent either literally or under the doctrine of equivalents;

b.      an order and judgment permanently enjoining Defendant and its agents, servants, officers, directors, employees, and all persons acting in concert with them,

directly or indirectly from infringing, inducing others to infringe, or contributing to the infringement of the claims of the '990 Patent;

c.      a judgment awarding damages against Defendant in an amount to be proven at trial, but in no event less than a reasonable royalty;

d.      a judgment awarding costs and expenses incurred in prosecuting this action;

e.      a judgment awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

f.      for pre and post-judgment interest at the maximum rate allowable under the law; and

g.      for such other and further relief as this Court may deem just and appropriate either at law or in equity.

Respectfully submitted this 28th day of March, 2017.

By: /s/ *Christopher A. Shield*
Christopher A. Shield
Texas Bar No. 24046833
chris.shield@bracewelllaw.com
L. Andrew Taggart
Texas Bar No. 24093238
drew.taggart@bracewelllaw.com

Bracewell LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223 2300 – Telephone
(713) 221 1212 – Facsimile

Alan D. Albright
Texas Bar No. 00973650
alan.albright@bracewelllaw.com
Chad Ennis
Texas Bar No. 24045834
chad.ennis@bracewelllaw.com

Bracewell LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701-4061
(512) 472-7800 – Telephone
(800) 404-3970 – Facsimile

ATTORNEYS FOR PLAINTIFF BAKER
HUGHES OILFIELD OPERATIONS,
INCORPORATED